N DISTRICT OF LOUI.
RECEIVED
JAN 20 2016
ORY R. MOORE, CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| OTIS JEFFREY REDDEN, <br> Petitioner | CIVIL ACTION NO. 1:15-CV-02669 <br> SECTION "P" |
| VERSUS | |
| WARDEN CARAJAL, <br> Respondent | JUDGE DRELL <br> MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Petitioner Otis Jeffrey Redden ("Redden") filed a motion to voluntarily dismiss his § 2241 habeas petition (Doc. 11) on the basis of the Magistrate Judge's previous Report and Recommendation, which recommended dismissal of his petition, and because he believes his Section 2241 petition should be filed in the district there he was convicted and sentenced, the Southern District of New York. Redden is presently incarcerated in the United States Penitentiary in Pollock, Louisiana.

Jurisdiction over a petition filed pursuant to 28 U.S.C. § 2241 lies in the district where the petitioner is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 372 (5th Cir. 2001). Jurisdiction over a motion filed pursuant to 28 U.S.C. § 2255 lies in the sentencing court. See id. at 373.

As discussed in the previous Report and Recommendation (Doc. 3), Redden filed a § 2241 petition that is actually a § 2255 petition because Redden is attacking his conviction and sentence, and he has not carried his burden of proving his case

falls within the Savings Clause of Section 2255. FN1  Therefore, jurisdiction over Redden's § 2255 petition properly lies in the Southern District of New York, where he was convicted and sentenced.

Accordingly, Redden's motion to voluntarily dismiss his § 2241 habeas petition (Doc. 11) should be granted.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Redden's motion to voluntarily dismiss his habeas petition (Doc. 11) be GRANTED and his habeas petition be DISMISSED WITHOUT PREJUDICE.

---

1   A Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir.), cert. den., 534 U.S. 1001 (2001). See also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion.  See Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime.  The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  See Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association,</u> 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments

on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana on the 19th day of January 2016.

HON. JOSEPH H. L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE